**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

ELIAS CABRERA, *an Individual,*

Plaintiff,

v.

TIM SHORTER, *et al.*,

Defendants.

Case No. 2:26-cv-11097-MWC-RAO

**ORDER STRIKING MOTION TO REMAND (DKT. [11]) FOR FAILURE TO COMPLY WITH CIVIL STANDING ORDER**

On November 4, 2026, Plaintiff filed his Motion to Remand Case to Los Angeles Superior Court ("Motion"). Dkt. # 11. The Court, on its own motion, **STRIKES** Plaintiff's Motion for failure to Comply with the Court's Standing Order, which provides:

> Every motion, pleading, or other paper must attach to the filing a separate declaration, signed under penalty of perjury, disclosing the use or non-use of generative Artificial Intelligence ("AI") (e.g., Claude, ChatGPT, Harvey, CoCounsel, or Google Board). The preparer of the filing must certify that either (a) no portion of the filing was drafted by AI, or that (b) AI was used in drafting a portion of the filing, and that the filer has reviewed the source material and verified that the artificially generated content is accurate and complies with the filer's Rule 11 obligation. The declaration must identify which, if any, portion of the filing incorporates Generative AI outputs. . . . **Failure to submit a declaration attesting to the use or non-use of AI may result in the Court striking the filing.**

*See* Civil Standing Order, Honorable Michelle Williams Court, Central District of California, *Order and Additional Documents*, at https://apps.cacd.uscourts.gov/Jps/honorable-michelle-williams-court ("*Standing Order*") ¶ 1a. (emphasis in original).

District courts have "considerable latitude in managing the parties' motion practice and enforcing local rules that place parameters on briefing." *Christian v. Mattel, Inc.*, 286 F.3d 1118, 1129 (9th Cir. 2002); *see also Bias v. Moynihan*, 508 F.3d 1212, 1223 (9th Cir. 2007). This includes enforcement of a district court's Standing Order. *See, e.g.*, *LaComba v. Eagle Home Loans and Inv. LLC*, No. 2:23-cv-00370-KJM-DB, 2023 WL 6201597, at *1 (E.D. Cal. Sept. 22, 2023); *Flowz Digit.*

*LLC v. Dalal*, No. 2:25-cv-00709-SB-PVC, 2025 WL 1294947, at *1 (C.D. Cal. May 5, 2025); *US Nutrilab v. Nguyen*, No. CV16-00785 PSG (ASx), 2017 WL 11636412, at *1 (C.D. Cal. Jan. 12, 2017); *Hill v. Workday, Inc.*, No. 23-cv-06558-PHK, 2026 WL 1146289, at *4–5 (N.D. Cal. Apr. 28, 2026).

The Motion failed to attach an accompanying declaration attesting to the use or non-use of AI in the instant filing. The Court requires such a declaration prior to considering the merits of the motion. The Motion further failed to comply with the Civil Standing Order's requirement that *each* declaration, exhibit, or other attachment, "must be filed as a *separately docketed attachment* to the main docket entry with a description of the attachment (e.g., Dkt. 29-1 Smith Declaration)." (emphasis added). *See* Dkt. # 11-1 (failing to appropriately label separately docket exhibits to Declaration of Brendan J. Burton).

Plaintiff may to refile a conforming Motion prior to his deadline to file a Motion to Remand.

**IT IS SO ORDERED.**

Dated: November 5, 2026

HON. MICHELLE WILLIAMS COURT
UNITED STATES DISTRICT JUDGE